The opinion of the Court was delivered by
GloveR, J.
In civil process the return of the sheriff on the writ is evidence of the arrest; but like any other fact, it may be shown by proof aliunde. In the case of Moyers vs. Center, (2 Strob. 439,) the Court ordered that the surrender of bail hereafter, should be acknowledged by the sheriff on the bail bond, or by a separate instrument of writing; and it has been insisted in argument, that the same certainty of proof should be required to establish an arrest under a capias ad satisfaciendum. Objections may be suggested to such an application *213 of the order, but it is only necessary to say, that the Court has confined it to the surrender of bail, and that it does not, nor was it intended to apply it to an arrest.
Admitting that the arrest was proven, the appellant submits that the subsequent discharge of the principal by the plaintiff, with his own consent, restored to the plaintiff all his rights and remedies against the bail. The arrest of a debtor is legally a satisfaction of the debt, and the liability of his bail then ceases, unless the provisions of the Act of 1815 (6 Stat. 1,) have modified the law in that respect. Under the Act, the debtor is expressly discharged from the arrest, whilst the lien of the judgment ;'on his estate is preserved. A special liability is created, having reference to the estate, and not to the person of the debtor. The active energy of the ca. sa. ceases with his discharge, and if he is liable to arrest afterwards, the plaintiff must take out another ca. sa. against his body, as the Act directs. If the rights and remedies of the plaintiff against the bail be restored after a discharge under the Act of 1815, so too would the bail be restored to his co-relative rights and remedies; yet it cannot be maintained that the principal, in such a case, continues in the custody of his bail, and may be surrendered by him.
We are of opinion that the arrest was established by sufficient evidence ; that it discharged the bail, and that the subsequent release of the principal from imprisonment revived no liability on the part of the bail.
Motion dismissed.
O’Neall, Wardlaw, Withers, and WhitNer, JJ., concurred.
MüNRO, J., was of counsel, and gave no opinion.

Motion dismissed.